IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.D.O.M., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00445-RAH |
| | ) | |
| FRANCISCO AYALA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Pending before the Court is Petitioner's *Motion for Leave to Proceed Under a Pseudonym* (doc. 10), filed on June 9, 2026. The Motion is unopposed by the Government. For good cause, the Motion is due to be granted.

Generally, every pleading must "name all the parties." Fed. R. Civ. P. 10(a). However, a party may be allowed to proceed under a pseudonym in certain circumstances. The party must establish "a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315–16 (11th Cir. 2011)). The court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id.* (quoting *Plaintiff B*, 631 F.3d at 1316). The court may consider whether the party "faces a real threat of physical harm absent anonymity" and whether the party's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id.* The Eleventh Circuit has recognized that the important privacy interests in immigration-related cases often justify

permitting plaintiffs to proceed under pseudonyms. *See Hisp. Int. Coal. of Ala. v. Governor of Ala.*, 691 F.3d 1236, 1247 n.8 (11th Cir. 2012).

Here, Petitioner requests to proceed under a pseudonym because he is an asylum applicant and he and his family face a significant risk of retaliation if his identity is disclosed. (Doc. 10 at 2.) Petitioner's asylum-seeking status as well as the alleged threats of physical harm are sufficient to demonstrate that he should be allowed to proceed under a pseudonym, until ordered otherwise by the Court.

Accordingly, for good cause, it is **ORDERED** that Petitioner's *Motion for Leave to Proceed Under a Pseudonym* (doc. 10) is **GRANTED**.

**DONE** and **ORDERED** on this the 10th day of June 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE