IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| J.D.O.M., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:26-cv-00445-RAH |
| | ) | |
| FRANCISCO AYALA, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Pending before the Court is Respondents' *Motion to Lift the Temporary Restraining Order Prohibiting Transfer of Petitioner by Respondents* (doc. 21), filed on June 26, 2026. The Motion is opposed by Petitioner. (Doc. 22.) For the reasons discussed below, the Motion is due to be granted in part and denied in part.

On June 4, 2026, Petitioner J.D.O.M. filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking either release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing pursuant to 8 U.S.C. § 1226. (Doc. 1). His petition asserts two causes of action: (1) unlawful detention under 8 U.S.C. § 1226, and (2) violation of his Fifth Amendment procedural and substantive due process rights. To preserve the status quo during the pendency of the proceedings, the Court ordered that Respondents shall not remove Petitioner from the United States or the State of Alabama until further order of the Court. (Doc. 7 at 3.)

Thereafter, the Court granted the petition in part and ordered Respondents to either provide Petitioner a meaningful bond hearing or release Petitioner from custody. (Doc. 13.) The Court reserved ruling on Petitioner's due process claim, and

it remains pending. (*Id.*) On June 25, 2026, Respondents filed a Notice of Compliance with the Court's Order, and indicated that Petitioner was provided a bond hearing before an Immigration Judge ("IJ"). (Doc. 19.) The IJ denied Petitioner's request for bond. (Doc. 19-3.)

Respondents now request that the Court lift the earlier order prohibiting Petitioner's transfer. Respondents argue that the order prohibiting Petitioner's transfer is no longer necessary because they complied with the order requiring a bond hearing. (Doc. 21.) They also argue that the Court lacks authority to prohibit Petitioner's transfer. (*Id.* at 3.)

Petitioner opposes the Motion. He argues the prohibition is within the Court's power, and necessary to preserve the Court's jurisdiction and ensure meaningful review. (Doc. 22.) He also argues that maintenance of the no-transfer order is necessary because Petitioner intends to file a motion to enforce the Court's June 15, 2026, Order, arguing that the bond hearing provided by Respondents was constitutionally inadequate. (Doc. 22 at 9.)

As a preliminary matter, the Court has jurisdiction to enjoin Respondents' transfer of Petitioner. Pursuant to the All Writs Act, courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). The Supreme Court "consistently has construed the All Writs Act to authorize a federal court to issue such commands . . . as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in the exercise of jurisdiction otherwise obtained." *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1985) (internal citation and quotation marks omitted). Thus, the "Act empowers federal courts to fashion extraordinary remedies when the need arises," although "it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate." *Id.* at 43.

Consequently, the Court may issue an injunction preventing Petitioner's removal to preserve its jurisdiction over the petition while it remains pending. Indeed, invoking its authority under the All Writs Act, the Supreme Court has done just that. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) ("We had the power to issue injunctive relief [prohibiting removal] to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter. 28 U.S.C. § 1651(a).").

An injunction prohibiting Petitioner from being removed from the United States is necessary because Petitioner's requested relief would be moot and the Court would lose jurisdiction if he were to be removed from the United States. *See Soliman v. United States ex rel. INS*, 296 F.3d 1237 (11th Cir. 2002) (holding that § 2241 petition was moot upon petitioner's removal from the United States).

However, the Court finds that the provision prohibiting Respondents from transferring Petitioner outside the State of Alabama is not necessary because, as Petitioner acknowledges, it would not affect the Court's jurisdiction to resolve his remaining claims. *See Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004) (holding that § 2241 grants jurisdiction to the district court to provide habeas relief when the petitioner is confined within the district at the time the petition is filed). Once the court's jurisdiction attaches upon the proper filing of a § 2241 petition, subsequent transfer out of the judicial district does not destroy the court's jurisdiction. *Id.* at 440; *see also Tang v. Gonzales*, 2006 WL 3628061, at *1–2 (N.D. Fla. Aug. 18, 2006) (describing as "well-settled" the "rule that if a district court properly acquires jurisdiction when the case is filed, then the petitioner's subsequent removal to another jurisdiction does not destroy the court's jurisdiction," and noting that "[i]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided"); *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1281–82 (S.D. Ala. 2008) (same). Thus, Petitioner has not established that it

is necessary that he remain within the State of Alabama during the pendency of his petition.

Accordingly, it is **ORDERED** that Respondents' *Motion to Lift the Temporary Restraining Order Prohibiting Transfer of Petitioner by Respondents* (doc. 21) is **GRANTED** in part and **DENIED** in part. The Court's Order (doc. 7 at 3) is **LIFTED** to the extent it prohibits Respondents from removing Petitioner from the State of Alabama. The Court further **ORDERS** that Respondents are temporarily enjoined from removing Petitioner from the **United States** for a period up to and including **July 13, 2026**, after which time this injunction will dissolve unless otherwise expressly extended by this Court by further court order. All other provisions of the Court's orders remain in effect.

**DONE** and **ORDERED** on this the 29th day of June 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE