IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

J.D.O.M.,                                      )
                                               )
      Petitioner,                              )
                                               )
      v.                                       )   CASE NO. 2:26-cv-00445-RAH
                                               )
FRANCISCO AYALA, *et al.*,                     )
                                               )
      Respondents.                             )

## MEMORANDUM OPINION AND ORDER

On June 4, 2026, Petitioner J.D.O.M. filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking either release from United States Immigration and Customs Enforcement's ("ICE") custody or, alternatively, an individualized bond hearing pursuant to 8 U.S.C. § 1226. (Doc. 1.) The Court granted his petition in part and ordered Respondents to provide him an individualized bond hearing. (Doc. 13.) Thereafter, Respondents provided him with a bond hearing before an immigration judge ("IJ") at which the IJ denied bond. Petitioner now moves the Court to enforce its Order, arguing that Respondents failed to provide a constitutionally adequate bond hearing. For the reasons discussed below, Petitioner's motion and his petition are due to be denied.

## BACKGROUND

Petitioner is a 24-year-old noncitizen who entered the United States without inspection in November 2022. (Doc. 1 at 6.) Petitioner filed an application for asylum within one year of arriving in the United States, which remains pending. (*Id.*) In June 2026, Petitioner was detained by ICE. (*Id.* at 7.)

On June 4, 2026, Petitioner filed the present federal habeas petition under 28 U.S.C. § 1441, asserting that he is being unlawfully detained under 8 U.S.C. § 1225. Relying on the Eleventh Circuit's decision in *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026), the Court granted his petition in part and ordered that he be provided a meaningful bond hearing before an IJ.

The Immigration Court in Atlanta, Georgia held a bond hearing on June 25, 2026. During the hearing, Respondents argued that bond should be denied because Petitioner is a flight risk. Respondents noted that he entered the United States without inspection, has no familiar ties to his sponsor, and his pending asylum claim is speculative. Petitioner's counsel presented evidence and argued that his good character, community ties, stable employment, and fixed address demonstrate that he is not a flight risk. He lived with his United States citizen partner at a fixed address prior to his arrest.

After receiving evidence and hearing argument, the IJ denied Petitioner's request for bond, concluding the evidence supported a finding that Petitioner is a flight risk. (Doc. 25-1.)

Petitioner then filed this motion, asking the Court to order a new bond hearing in which Respondents bear the burden of proving by clear and convincing evidence that Petitioner is a danger or flight risk or, in the alternative, order his immediate release from ICE custody. (Doc. 25.) Petitioner argues that the bond hearing did not comply with due process or the Court's order. Respondents oppose the motion, arguing that Petitioner had an individualized, constitutionally adequate bond hearing. (Doc. 27.)

## DISCUSSION

### I.    Jurisdiction

The Court begins by emphasizing its limited jurisdiction. Bond determinations are committed by statute to the discretion of the IJ. Under 8 U.S.C.

§ 1226(e), a reviewing court may not "set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." Nevertheless, district courts have limited jurisdiction to review the constitutionality of immigration detention, including under the Due Process Clause. *See Denmore v. Kim*, 538 U.S. 510, 517 (2003) (holding that 8 U.S.C. § 1226(e) does not bar habeas review of legislation authorizing detention without bail); *see also Jennings v. Rodriguez*, 583 U.S. 281 (2018) (holding that 8 U.S.C. § 1226(e) does not preclude challenges to the statutory framework governing detention without bail).

In *INS v. St. Cyr*, the Supreme Court considered whether several of 8 U.S.C. § 1252's jurisdiction-stripping provisions deprived district courts of jurisdiction to review certain decisions in immigration proceedings. 533 U.S. 289 (2001). The Court emphasized "the longstanding rule requiring a clear statement of congressional intent to repeal habeas jurisdiction," noting also that "[i]mplications from statutory text or legislative history are not sufficient to repeal habeas jurisdiction." *Id.* at 299. Instead, "Congress must articulate specific and unambiguous statutory directives to effect [such] a repeal." *Id.* Accordingly, given the absence of a clear, unambiguous, and express statement of congressional intent to preclude habeas review for important questions of immigration law, the Court interpreted the statute as not stripping habeas jurisdiction. *Id.* at 314.

The same reasoning applies to § 1226(e). Section 1226(e) does not contain a "clear, unambiguous, and express" statement precluding habeas review of bond proceedings. And if it were interpreted to preclude all judicial review of bond proceedings, detainees would have no avenue for review of constitutional infirmities in bond proceedings. *See In re Rodriguez-Carrillo*, 22 I. & N. Dec. 1031, 1035 (BIA 1999) ("[N]either the Immigration Judge nor this Board may rule on the constitutionality of the statutes that we administer."). Such a result would raise

serious constitutional concerns under the Suspension Clause. *See St. Cyr*, 533 U.S. at 314.

Even so, the Court's jurisdiction is limited. The Court lacks jurisdiction to review the IJ's "legal and factual" findings made at the bond hearing. *Toshkhua v. Smith*, No. 2:26-cv-00194-MHH, 2026 WL 1383408, at *3 (N.D. Ala. May 18, 2026). That is because § 1226(e) "precludes an alien from 'challenging [in court] a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release.'" *Jennings*, 583 U.S. at 295 (quoting *Demore*, 538 U.S. at 516); *Toshkhua*, 2026 WL 1383408, at *3.

In sum, although § 1226(e) does not prevent the Court from hearing Petitioner's habeas petition, its review is limited to whether Petitioner's bond hearing satisfied due process or otherwise did not comply with this Court's order. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) ("Courts have inherent power to enforce compliance with their lawful orders . . . ."). The Court may not extend its review beyond these limitations.

## II.   Due Process

The Court finds no constitutional infirmities in the bond hearing before the IJ. "The fundamental requirement of due process" provides that individuals be provided with an "opportunity to be heard at a meaningful time and in a meaningful manner" in deportation proceedings. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (cleaned up); *Denmore*, 538 U.S. at 523 ("[T]he Fifth Amendment guarantees noncitizens the right to due process of law in deportation proceedings . . . ." (cleaned up)). "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

"In a fundamentally fair bond hearing, due process has three essential elements." *Toshkhua*, 2026 WL 1383408, at *3 (quoting *Ghanem v. Warden*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022)). "An alien: (1) is entitled

4

to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Id.* (quoting *Ghanem*, 2022 WL 574624, at *2).

Here, both Respondents' counsel and Petitioner's counsel had an opportunity to make arguments and present evidence before the IJ. Respondents argued that Petitioner is a flight risk and therefore bond should be denied. Petitioner's counsel rebutted Respondents' claims and presented supporting evidence. At the close of the hearing, the IJ denied Petitioner's request for bond based on the IJ's findings that he is a flight risk due to his manner of entry and the speculative nature of his pending asylum claim. Based on this record, the Court finds that the bond hearing satisfied the minimal requirements of due process.

Petitioner argues that the bond hearing was inadequate because the IJ did not adequately weigh the evidence presented by Petitioner's counsel, adequately consider the factors outlined in *Matter of Guerra*, and did not provide adequate written or oral explanation. Even if true, these arguments all relate to the IJ's legal and factual findings that district courts are precluded from second-guessing and reweighing. *See Toshkhua*, 2026 WL 1383408, at *3. The appropriate avenue for relief is an appeal of the IJ's bond determination to the Board of Immigration Appeal, *see* 8 C.F.R. § 236.1(d), not a habeas petition in federal court.

Petitioner also argues that the bond hearing was constitutionally inadequate because due process requires that the burden of proof be placed on Respondents to prove, by clear and convincing evidence, that he is a danger or flight risk. The Supreme Court has cautioned that courts may not insist upon "procedural protections that go well beyond the initial bond hearing established by existing regulations." *Jennings*, 583 U.S. at 306. The statute at issue, 8 U.S.C. § 1226, imposes no

requirement that Respondents bear the burden. Thus, Petitioner would be successful only if due process requires such a burden shift. The Court finds that it does not.

Although there is no clear precedent on this point, the Court finds the Eleventh Circuit's decision in *Sopo* persuasive. There, the Eleventh Circuit rejected a similar argument in the context of another provision governing immigration detention. In *Sopo*, the petitioner was convicted of several aggravated felonies. *Sopo v. U.S. Att'y Gen.*, 825 F.3d 1199, 1204 (11th Cir. 2016), *vacated as moot*, 890 F.3d 952 (11th Cir. 2018).[1] After serving a portion of his federal sentence, he was transferred to ICE custody and detained pursuant to § 1226(c). *Id.* Section 1226(c) mandates that the "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed [an aggravated felony, among other offenses]." 8 U.S.C. § 1226(c). The Eleventh Circuit considered whether and when mandatory detention during the entirety of removal proceedings violates due process. *Sopo*, 825 F.3d at 1215–16. In its opinion, the court adopted a case-by-case reasonableness approach to determine the time at which mandatory detention violates an immigrant's due process rights. *Id.* Relevant to this matter, the Circuit considered and rejected the petitioner's argument that the government must bear the burden of proof at the bond hearing. *Id.* at 1219–20. Though not explicitly couched in due-process terms, the

---

[1] Following the initial *Sopo* decision, the government moved for rehearing en banc, but the Eleventh Circuit stayed that request pending the Supreme Court's decision in *Jennings*. 890 F.3d at 953. Once the Supreme Court issued the *Jennings* decision, the Eleventh Circuit ordered additional briefing; however, prior to the parties filing the supplemental briefs addressing *Jennings*, the government moved to dismiss the *Sopo* appeal as moot based on Sopo's removal from the United States. *Id.* Sopo agreed that his appeal had become moot, and the Eleventh Circuit granted the motion, dismissing the appeal and vacating its decision. *Id.* at 953–54.

Despite *Sopo* being vacated as moot, courts within this Circuit continue to rely on it as persuasive authority in determining whether prolonged pre-removal detention passes constitutional muster. *See, e.g.*, *Gabrius v. Dep't of Homeland Sec.*, No. 24-22680-CIV, 2024 WL 5046042 (S.D. Fla. Sept. 10, 2024); *Stephens v. Ripa*, No. 22-CV-20110-JEM, 2022 WL 621596, at *2 (S.D. Fla. Mar. 3, 2022); *Warsame v. Meade*, No. 20-CV-22401-CMA, 2020 WL 13551825, at *3 (S.D. Fla. Aug. 18, 2020).

court held that burden shifting was not appropriate because it would provide criminal detainees a benefit that non-criminal detainees are not entitled to under DHS regulations. *Id.*; *see also Rogers v. Ripa*, No. 1:21-CV-24433-JLK, 2022 WL 574389, at *3–4 (S.D. Fla. Feb. 25, 2022) (relying on *Sopo* and finding that the burden of proof in bond hearing should be placed on the petitioner).

Petitioner identifies no other Eleventh Circuit precedent supporting the additional procedural protections he seeks. Accordingly, the Court finds that due process does not require Respondents to bear the burden of proof by clear and convincing evidence that Petitioner is a danger or flight risk.

## CONCLUSION

For the foregoing reasons, the Court finds that Respondents have complied with the Court's order and provided Petitioner a constitutionally adequate bond hearing.

Accordingly, it is **ORDERED** as follows:

1. Petitioner's *Emergency Motion to Enforce Habeas Order, To Show Cause Re: Contempt, and for Immediate Release* (doc. 25) is **DENIED**,

2. The petition for writ of habeas corpus is **DENIED**;

3. The temporary restraining order (doc. 23) is **LIFTED**;

4. This action is **DISMISSED** without prejudice; and

5. A separate final judgment will be entered.

**DONE** and **ORDERED** on this the 13th day of July 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

7